**Shoulan CHANG, Plaintiff–Appellant,**

v.

**SAFE HORIZONS, Defendant–Appellee.**

No. 05–6760–cv.

United States Court of Appeals,
Second Circuit.

Nov. 5, 2007.

Antonia Kousoulas, New York, NY, for Plaintiff–Appellant.

Joan M. Gilbride, (Jonathan B. Bruno, on the brief), New York, NY, for Defendant–Appellee.

Present: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Shoulan Chang appeals from a September 2, 2005 judgment of the United States District Court for the Southern District of New York (Pauley, J.), granting summary judgment for the defendant-appellee and dismissing her complaint. Chang appeals only the dismissal of her retaliation claim under Title VII, 42 U.S.C. § 2000e–3. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

■ Chang contends that summary judgment was inappropriate because she produced sufficient evidence that her supervisor, Christa Stewart ("Stewart"), took various disciplinary actions against Chang, including terminating her, in retaliation for complaining about the discrimination she perceived in the workplace. The oral and written warnings issued by Stewart, her being questioned by Stewart, and Stewart's attempt to access Chang's computer do not constitute "materially adverse" actions in the view of a "reasonable employee," see Burlington Northern & Santa Fe Railway v. White, 548 U.S. 53, 126 S.Ct. 2405, 2412–13, 165 L.Ed.2d 345 (2006).[1] The Supreme Court emphasized in White that "material adversity" is "important to separate significant from trivial harms." Id. In this case, Stewart's conduct falls into the latter category of trivial harms

and does not constitute action that "would have dissuaded a reasonable worker from bringing a discrimination charge." Id. at 2415. In particular, we note that oral and written warnings do not amount to materially adverse conduct in light of our reasoning in Joseph v. Leavitt, 465 F.3d 87, 91 (2d Cir.2006), in which we stated that "[t]he application of the [employer's] disciplinary policies to [the employee], without more, does not constitute adverse employment action." Because Safe Horizons issued Chang warnings consistent with its progressive discipline policy, Chang did not suffer a materially adverse action under the circumstances. Accordingly, Chang has not made out a prima facie case of retaliation on these grounds.

■ The district court held that there was an insufficient causal connection between Chang's termination and her protected activity, and that even if Chang could establish a causal nexus, Safe Horizons proffered a legitimate, non-discriminatory reason for her termination that Chang could not refute. Chang v. Safe Horizon, No. 03–cv–10100, 2005 WL 2125660, at *9 (S.D.N.Y. Sept. 1, 2005). We need not reach the question of whether Chang could refute the given reason for her termination—that is, Chang's poor treatment of callers and conflicts with co-workers—because we agree that Chang did not adduce evidence sufficient to demonstrate causation and survive summary judgment. Chang's termination on August 4, 2000 occurred almost one year after her complaint of discrimination, thus undermining any causal nexus based on temporal proximity, see Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001), and Chang's claims evincing disparate treatment and

---

1. Although the district court applied a standard different than that articulated by the Supreme Court in White, this does not affect the conclusion that Stewart's conduct did not constitute adverse employment actions.

retaliatory animus are unsubstantiated by the record.[2] In particular, Chang alleges that Stewart did not subject other counselors who had not engaged in protected activities to similar disciplinary measures. Chang, however, has no personal knowledge to refute Safe Horizons' evidence that counselors Ewa Wroblewska, Louis Delgado, and Julian Rodriguez all received oral reprimands. Al Jeannot, who is alleged by Chang to have engaged in similar protected activity, was also issued a warning letter about his disruptive behavior, but was not otherwise disciplined after his performance improved. Additionally, Chang's argument that Stewart retaliated without cause against her is undermined by the citations in the record to complaints made by Chang's previous supervisor, Nora Gomez, regarding her conduct with callers. A reasonable juror therefore could not infer that Safe Horizons terminated Chang because she complained of preferential treatment, but rather because of her inadequacies and failure to improve. The district court thus did not err by granting Safe Horizons' motion for summary judgment.

We have considered Chang's remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.

---

**2.** To the extent that Safe Horizons urges that Chang's complaint of preferential treatment in 1996 is "too remote to be considered," and her complaint of favoritism in autumn of 1999 is unsupported by the record, these claims are not relevant because they do not define Chang's protected activity and otherwise suggest no basis for inferring a retaliatory motive. Additionally, Safe Horizons argues that Chang waived her disparate treatment claim by failing to raise it with the district court. However, we will consider this claim because there is a countervailing judicial interest in interpreting pro se pleadings liberally and in the interests of fairness to pro se litigants. *See Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir. 1993). Accordingly, we conclude that we should reach the merits of Chang's contention that she was treated unfairly in comparison to similarly situated colleagues.